UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:11-cr-127-DBH-01 |
| | ) | |
| ANTHONY E. ALMEIDA, III, | ) | |
| | ) | |
| DEFENDANT | ) | |

**ORDER ON DEFENDANT'S MOTION IN LIMINE**

The defendant's motion in limine concerning the admissibility of statements that his co-defendant made to law enforcement is **DENIED**. ECF Nos. 132, 133.

The co-defendant has pleaded guilty. ECF No. 107. I understand from a trial management conference that the government will not object to the admissibility of that guilty plea at this defendant's trial if the defendant chooses to offer it. However, this defendant also wants in evidence two statements that the co-defendant made to law enforcement following the arrest of both defendants. Both the defendant and the government agree that the co-defendant's counsel has made clear that the co-defendant will invoke his Fifth Amendment privilege and that he is therefore "unavailable" within the meaning of Federal Rule of Evidence 804(b) to testify at the defendant's trial. Thus, defendant argues that the co-defendant's statements are admissible as statements against interest under Rule 804(b)(3) or, alternatively, under the residual hearsay exception of Rule 807.

The statements that the defendant wants in evidence are described in two law enforcement reports:

First, Androscoggin Sheriff's Office Detective Maurice Drouin writes that, while awaiting transport to Androscoggin County Jail, the co-defendant "indicated the [counterfeit] money belonged to him."

Second, Detective Drouin reports that, after the co-defendant had been booked and Mirandized, the co-defendant told two law enforcement officers that "the money in the Doritos bag was his but he had no knowledge it was fraudulent." The co-defendant went on to say that the instant defendant "must have switched his money." When law enforcement officers pressed the co-defendant on inconsistencies in his statements, the co-defendant "became agitated . . . and left."

This second encounter was also described by U.S. Secret Service Special Agent Matt Fasulo, whose report states that the co-defendant told Detective Drouin and Agent Fasulo that "all of [his] money was located in the Dorito's bag in the back seat of the car" and that the co-defendant "was unaware any of the money in the vehicle was counterfeit." Agent Fasulo also writes that, after the officers made additional inquiries of the co-defendant regarding the veracity of his statements, the co-defendant "advised that he no longer wished to answer questions and walked out of the interview room."

In short, this defendant wants the jury to hear the co-defendant's statements that the currency in the Doritos bag (some of which was counterfeit) belonged to the co-defendant.

Rule 804(b)(3)(B) requires that, to admit these out-of-court statements—"offered in a criminal case as [statements] that [tend] to expose the declarant to criminal liability," the statements must be "supported by corroborating circumstances that clearly indicate [their] trustworthiness." Here, the defendant does not have the "corroborating circumstances that clearly indicate [the statements'] trustworthiness." Fed. R. Evid. 804(b)(3)(B). Instead, the co-defendant's behavior in terminating the interview suggests the contrary.

Rule 807 requires "equivalent circumstantial guarantees of trustworthiness." This rule allows the admission of hearsay "[w]hen a court can be confident . . . that 'the declarant's truthfulness is so clear from the surrounding circumstances that the test of cross-examination would be of marginal utility . . .'" Lilly v. Virginia, 527 U.S. 116 (1999). For the same reason, that requirement is not satisfied.[1]

The motion is therefore **DENIED**.

**SO ORDERED.**

**DATED THIS 18TH DAY OF JUNE, 2012**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] I note that the co-defendant admitted that he made the statement in agreeing to the Prosecution Version at his Rule 11 guilty plea proceeding. ECF No. 105. The statement was one element supporting his guilty plea. Id. However, at his plea proceeding, the co-defendant also admitted that the counterfeit money was in his truck, that some of the counterfeit money was loose in the truck compartment, and that he had been using the loose money to pay tolls – all furnishing abundant evidence of joint and constructive possession of counterfeit currency. Id. The fact that the co-defendant admitted to me that he made the statement does not furnish the "corroborating circumstances that clearly indicate its trustworthiness" and that would be required to admit the statement at this trial, where the co-defendant cannot be cross-examined about what he meant. Fed. R. Evid. 804(b)(3)(B). I also note that it is debatable whether the statement meets the Rule's requirement that it "tends to expose [him] to criminal liability," inasmuch as he denied knowledge that the currency was counterfeit at the same time that he claimed ownership.